IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MARK MCCLESKEY, TRUSTEE AND INDIANA STATE COUNCIL OF PLASTERERS AND CEMENT MASONS HEALTH AND WELFARE AND PENSION FUNDS, <br><br> Plaintiffs, <br><br> v. <br><br> AKE ENTERPRISES LLC, a Missouri limited liability company and AKE ENTERPRISES LLC d/b/a EASON CONSTRUCTION, <br><br> Defendants. | No. 1:21-cv-2371- |

## COMPLAINT

Plaintiffs, by their attorneys, DONALD D. SCHWARTZ and ARNOLD AND KADJAN, LLP, complain against Defendants AKE ENTERPRISES LLC and AKE ENTERPRISES LLC d/b/a EASON CONSTRUCTION, as follows:

## JURISDICTION AND VENUE

1. (a) Jurisdiction of this cause is based upon Section 502 of the Employee Retirement Income Security Act of 1974, 29 U.S.C. Section 1132 ("ERISA") and 29 U.S.C. 1145 as amended.

(b) Venue is founded pursuant to 29 U.S.C. Section 1132(e) (2) in this district, where the Funds as described in Paragraph 2, are administered and 29 U.S.C. Section 185(c).

## PARTIES

2. (a) The Plaintiffs in this count MARK MCCLESKEY, TRUSTEE AND INDIANA STATE COUNCIL OF PLASTERERS AND CEMENT MASONS HEALTH AND WELFARE AND PENSION FUNDS ("the Funds"), and have standing to sue pursuant to 29 U.S.C. Section 1132(d)(1).

(b) The Funds have been established pursuant to collective bargaining agreements previously entered into between Local 692 (the "Union") and certain employer associations whose employees are covered by the collective bargaining agreement with the Union.

(c) The Funds are maintained and administered in accordance with and pursuant to the provisions of the National Labor Relations Act, as amended, and other applicable state and federal laws and also pursuant to the terms and provisions of the agreements and Declarations of Trust which establish the Funds.

3. EASON CONSTRUCTION LLC ("EASON") is a Missouri limited liability company and an employer engaged in commerce.

4. EASON is an employer engaged in an industry affecting commerce with its principal place of business within this Court's jurisdiction.

5. Defendant AKE ENTERPRISES LLC ("AKE) is a Missouri limited liability company and an employer engaged in commerce

6. Defendant AKE ENTERPRISES LLC d/b/a EASON CONSTRUCTION ("AKE d/b/a EASON") is a Missouri fictitious business name owned one hundred percent (100%) by AKE, a Missouri domestic limited liability company and an employer engaged in commerce.

7. Since June 13, 2019, EASON has been signatory to successive collective bargaining agreements with the Union pursuant to which it was required to make periodic contributions to the Funds on behalf of its bargaining unit employees. (**Exhibit "A"**)

8. By virtue of certain provisions contained in the collective bargaining agreements, EASON is bound to certain Trust Agreements which established the Funds.

9. Under the terms of the collective bargaining agreements and trust agreements to which it was bound, EASON is required to make contributions to the Funds on behalf of its

bargaining unit employees and, when given reasonable notice by Plaintiffs or their representatives, to submit all necessary books and records to Plaintiff's auditor for the purpose of determining whether or not EASON is compliance with its obligation to contribute to the Funds.

10. Plaintiffs are advised and believe that the principals of EASON created alter ego companies—Defendant AKE and Defendant AKE d/b/a EASON—that fail to adhere to the EASON collective bargaining agreement, and fail to make contributions required to be paid to the Funds for hours worked by their bargaining unit employees pursuant to the terms of the collective bargaining agreements and trust agreements by which Defendants are is bound.

11. Defendants are liable to the Funds for the unpaid benefits of their bargaining unit employees on their payroll, because AKE and AKE d/b/a EASON are alter ego companies of EASON under applicable labor relations theory in that:

(a) Christopher Eason controls(ed) the labor relations policy making of all companies;

(b) The companies share common employees, equipment and materials;

(c) The companies share common management including Christopher Eason.

(d) On information and belief, the companies share common ownership, i.e. Christopher Eason and his family and office location.

(e) AKE and AKE d/b/a EASON are operated to avoid the EASON collective bargaining agreement.

12. By virtue of the foregoing, Plaintiffs have been damaged in an amount measured by the amount of benefits owed by AKE and AKE d/b/a EASON for their bargaining unit employees.

13. As the alter ego of EASON, AKE and AKE d/b/a EASON are bound to the EASON collective bargaining agreement.

WHEREFORE, Plaintiffs pray for relief as follows:

A. AKE and AKE d/b/a EASON be ordered to tender records for a fringe benefit contribution compliance audit for the period June 13, 2019 to the present.

B. Judgment be entered in favor of Plaintiffs and against AKE and AKE d/b/a EASON in the amount of benefits owed but unpaid by Defendants in the amount due on the audit; and

C. Judgment be entered against AKE and AKE d/b/a EASON for all unpaid benefits due to Plaintiffs.

> Respectfully submitted,
>
> MARK MCCLESKEY, et. al.
>
> By: /s/ Donald D. Schwartz
>     One of their Attorneys

Donald D. Schwartz
ARNOLD AND KADJAN, LLP
35 E. Wacker Dr., Suite 600
Chicago, Illinois 60601
(312) 236-0415
dds@aandklaw.com